UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ERIC WORRE, | Case No. 11-CV-1769 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| AGEL ENTERPRISES, LLC, | |
| Defendant. | |

---

Pace Klein, WIESE LAW FIRM, PA, for plaintiff.

Mark W. Gehan and Sarah J. McEllistrem, COLLINS, BUCKLEY, SAUNTRY & HAUGH, PLLP, and Blake D. Miller and Joel T. Zenger, MILLER GUYMON PC, for defendant.

Plaintiff Eric Worre ("Worre") brings claims against defendant Agel Enterprises, LLC ("Agel") for back-pay, buyout of the parties' 2005 contract, unjust enrichment, conversion, and declaratory relief. Docket No. 1. Worre alleges, among other things, that Agel improperly discontinued or limited his pay and improperly reassigned some members of his distribution organization to other sponsors without his consent. This matter is before the Court on Worre's motion for summary judgment on his buyout claim. Docket No. 13. The Court has reviewed the materials submitted by the parties and denies Worre's motion without prejudice for the following reasons:

First, Worre filed his motion for summary judgment before the parties had engaged in any discovery. Worre supported his motion with five pages of briefing. Pl. Summ. J. Memo. ("Pl. Mem.") [Docket No. 27]. Worre then added a "Note Regarding Agel's Potential 'Defenses'" on a sixth page. In that "note," Worre warned that Agel might raise two defenses — first, that the 2005 contract was rendered void by Worre's assignment of his rights under the contract, and

second, that the individual who signed the 2005 contract on behalf of Agel did not have authority to do so.  Worre assured the Court, however, that "it is obvious that these two 'defenses' are frivolous" — so "frivolous," in fact, that "Mr. Worre's counsel doubts Agel will go so far as to actually assert [them]." *Id.* at 6.

After Agel did "go so far as to actually assert" these two defenses in its response, Worre filed a *38-page* reply brief that was largely devoted to addressing these "obvious[ly] . . . frivolous" defenses on the merits.  The reply brief describes countless facts and raises several legal arguments (such as theories of estoppel, ratification, and waiver) for the first time.  *See* Pl. Summ. J. Reply Mem. [Docket No. 68].  The Court, of course, has no idea which of these facts Agel contests, or how Agel interprets or explains these facts, or what evidence Agel might want to submit to dispute or at least provide context for these facts.  Nor does the Court have any idea what Agel's position is on the legal theories raised for the first time in the reply brief.  Even though he is the movant, Worre manipulated the briefing so that the bulk of his case was described in his reply brief, and so that Agel would have no chance to defend itself.  The Court is not going to grant a summary-judgment motion on such a one-sided presentation of the facts and law.

Second, Worre's conduct is even worse because he violated Local Rule 7.1(d), which provides that no memorandum of law may exceed 12,000 words without the prior permission of the Court.  Worre's opening memorandum consisted of 1,671 words and his reply memorandum consisted of 10,290 words, for a total of 11,961 words.  But Worre incorporated into his briefs nearly 12 pages of "facts" that were set forth in his accompanying declaration.  *See* Pl. Memo. at 4 ("The specifics of this falling out between the parties are set forth in Mr. Worre's Affidavit and

won't be repeated here."); Worre Summ. J. Decl. [Docket No. 15].  Thus Worre plainly violated the word limitations of Rule 7.1(d).  Worre is cautioned that similar violations in the future may result in sanctions.

Third, as noted, Worre filed his motion without giving Agel a chance to take any discovery.  It is generally not appropriate to grant a summary-judgment motion when the parties have taken no discovery whatsoever — and almost never appropriate when such a summary-judgment relies on dozens of pages of factual assertions.  *See, e.g.*, *Hess v. Citibank (S.D.), N.A.*, 459 F.3d 837, 846 (8th Cir. 2006) ("If the failure to allow discovery deprives the nonmovant of a fair chance to respond to the motion . . . summary judgment is not proper . . . .") (internal quotation omitted); *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) ("As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery.") (internal quotation omitted).  Moreover, it is difficult for the Court to understand what would be gained by granting Worre's premature motion.  It appears that granting Worre's motion for partial summary judgment would not narrow discovery in any meaningful way; rather, it would simply force the Court to conduct two hearings on summary-judgment motions rather than one.  It makes much more sense for the Court to conduct one hearing at which the parties can present all of their dispositive motions — and make all of their arguments — based on a full factual record.

Finally, the Court cannot rule on a summary-judgment motion without first ascertaining that it has jurisdiction, and the Court cannot ascertain that it has jurisdiction because Worre has not properly alleged the citizenship of Agel.  "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."  *OnePoint Solutions, LLC v. Borchert*,

486 F.3d 342, 346 (8th Cir. 2007).  Because subject-matter jurisdiction in this case can only be based on the complete diversity of citizenship between the parties,[1] *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); 28 U.S.C. § 1332(a), Worre must identify each of Agel's members at the time the lawsuit was filed, along with the state of which each of those members was a citizen.  *See Borchert*, 486 F.3d at 346 ("To determine jurisdiction, we look to the parties' status at the lawsuit's filing.").

The Court will not hear any dispositive motions in this case until all discovery has been completed and all non-dispositive motions have been resolved.  At that point, the parties may schedule a hearing if they wish to bring summary-judgment motions.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Eric Worre's motion for summary judgment on his buyout claim [Docket No. 13] is DENIED WITHOUT PREJUDICE.

2. No later than November 4, 2011, Worre must submit evidence of the citizenship of each of the members of defendant Agel Enterprises, LLC at the time that the lawsuit was filed.

---

[1] Worre's complaint refers to the Declaratory Judgment Act, 28 U.S.C. § 2201, as an additional basis for subject-matter jurisdiction.  But that statute does not confer jurisdiction over any dispute.  *See First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson*, 681 F.2d 528, 533 (8th Cir. 1982) ("It is well settled that the declaratory judgment statute . . . does not provide a separate basis for subject matter jurisdiction.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)).

3.	No party should file a dispositive motion until all discovery has been completed and all non-dispositive motions have been resolved.

Dated: October 24 , 2011        s/Patrick J. Schiltz            
                                Patrick J. Schiltz
                                United States District Judge